IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BRENDA WILLIS, on behalf of          *
herself and all others               *
similarly situated,                  *
                                     *
    Plaintiff,                       *
                                     *
v.                                   *
                                     *       CV 114-227
CAVALRY INVESTMENTS, LLC and         *
CAVALRY PORTFOLIO                    *
SERVICES, LLC,                       *
                                     *
    Defendants.                      *
                                     *
                                     *

**O R D E R**

Two motions are currently before the Court: (1) Defendants' motion to dismiss (doc. 5); and (2) Defendants' motion to refer (doc. 4). For the reasons explained below, the Court **DENIES** both motions.

### I. Background

This case is based on Defendants' allegedly improper debt-collection practices. (Compl. ¶ 17.) Plaintiff seeks to mount a class-action lawsuit based on these actions under the Fair Debt Collections Practices Act ("FDCPA"). According to Plaintiff's complaint, Defendants routinely file proofs of claim

in bankruptcy proceedings to collect stale debts. (Id. ¶ 16-19.) With respect to Plaintiff specifically, the complaint alleges that Defendants filed a proof of claim in 2014 on a debt she had not made a payment on since 1996. (Id. ¶ 19.) During the bankruptcy proceeding, however, Plaintiff did not object to the proof of claim, and the bankruptcy court confirmed Plaintiff's bankruptcy plan.

Plaintiff initiated this action in the Superior Court of Washington County, Georgia, and Defendants removed to this Court on December 11, 2014. (Doc. 1.) On December 18, 2014, Defendants moved to refer this case to the bankruptcy court and to dismiss. (Docs. 4, 5.) Following a status conference with the parties, the Court stayed this matter on May 4, 2015, pending the Eleventh Circuit's decision in Johnson v. Midland Funding, LLC, __ F.3d __, 2016 WL 2996372 (11th Cir. 2016). The Eleventh Circuit issued its opinion in Johnson on May 24, 2016, and the Court lifted the stay in this case on June 1, 2016. (Doc. 36.) In its Order lifting the stay, the Court instructed the parties to file supplemental briefs by June 21, 2016. (Id.) The parties have done so, and Defendants' motions are ripe for consideration.

## II. Discussion

The FDCPA regulates the conduct of debt collectors. 15 U.S.C. § 1692e. Specifically, it prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C § 1692e, and "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Whether a debt collector's conduct violates the statute is evaluated using the "least-sophisticated-consumer" standard. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1258-59 (11th Cir. 2014). And the Eleventh Circuit has specifically held that knowingly filing a proof of claim on time-barred debt violates the FDCPA. Id. at 1261; Johnson v. Midland Funding, LLC, __ F.3d __, 2016 WL 2996372, at *3 (11th Cir. 2016).

### 1. Defendants' Motion to Dismiss

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal

3

conclusions as true, only its well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Defendants move to dismiss Plaintiff's FDCPA claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because: (1) Plaintiff's claim is barred by res judicata, and (2) Defendants' actions did not violate the FDCPA. The Court addresses these arguments below.

### a. Res Judicata

During Plaintiff's bankruptcy proceeding, Defendants filed a proof of claim on debt related to an auto loan. That debt, however, was stale because the statute of limitations for any claim to enforce the debt had run. Nonetheless, neither Plaintiff nor the bankruptcy trustee objected to the proof of claim, and the bankruptcy court confirmed Plaintiff's bankruptcy plan, which included the auto-loan debt. Defendants contend

that because the bankruptcy court's confirmation order was a final judgment with respect to the debt, res judicata precludes Plaintiff's FDCPA claim.

Res judicata, or claim preclusion, applies when four conditions are met: (1) the prior judgment must have been rendered by a court of competent jurisdiction; (2) the prior judgment must be a final judgment on the merits; (3) both proceedings must involve the same parties or their privies; and (4) both cases must involve the same cause of action. In re Justice Oaks II, Ltd., 898 F.2d 1544, 1550 (11th Cir. 1990). "The court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001).

In this case, neither party disputes that the bankruptcy court had jurisdiction over the bankruptcy proceedings, and the bankruptcy court's order confirming the plan constitutes a final judgment on the merits. In re Justice Oaks II, Ltd., 898 F.2d at 1550 ("[A] bankruptcy court's order confirming a plan of reorganization is given the same effect as any district court's final judgment on the merits."). The parties, however, dispute the fourth condition: whether the causes of action are the same.[1]

---

[1] The parties also disagree about whether the parties are the same in this matter as in the bankruptcy proceeding. But because the Court is

5

"Claims are part of the same cause of action when they arise out of the same transaction or series of transactions." Id. at 1551. "In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form . . . . [I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same claim or cause of action for purposes of res judicata." In re Piper Aircraft Corp., 244 F.3d at 1297 (citation omitted) (internal quotation marks omitted).

In this case, Defendants essentially argue that Plaintiff is attempting to relitigate the validity of the debt, which the bankruptcy court has already confirmed. That is, according to Defendants, the bankruptcy court entered final judgment on the validity and amount of the debt, so Plaintiff should be precluded from raising those issues again. But an "FDCPA claim is an independent claim that has nothing to do with whether the underlying debt is valid. An FDCPA claim concerns the method of collecting the debt." Weldon v. Asset Acceptance, LLC, No. 1:10-cv-0660-JMS-MJD, 2011 WL 902018, at *4 (S.D. Ind. 2011) (citation omitted) (internal quotation marks omitted). While the bankruptcy proceeding and the filing of the proof of claim have an obvious relationship to Plaintiff's FDCPA claim, the two

---

unpersuaded that the causes of action are the same, it finds it unnecessary to separately address that issue.

6

causes of action do not arise out of the same nucleus of operative facts. Defendants' proof of claim concerns the validity and amount of the original loan. So the facts surrounding the proof of claim date back to the origination of the loan. Plaintiff's FDCPA claim, on the other hand, concerns Defendants' methods of collecting the debt. This litigation, therefore, does not concern the validity or the amount of the debt owed; it is about whether Defendants violated the FDCPA when they filed the proof of claim.

In support of their argument, Defendants cite <u>Adair v. Sherman</u>, 230 F.3d 890 (7th Cir. 2000). The plaintiff in <u>Adair</u> filed for bankruptcy in 1995, and a debt collector filed a proof of claim on a debt owed for a car. <u>Id.</u> at 893. The proof of claim listed the car's value as $19,841.43, which was greater than the car's original purchase price. <u>Id.</u> The plaintiff did not object to the value, and the bankruptcy court confirmed the plaintiff's bankruptcy plan. <u>Id.</u> Three years later, the plaintiff filed an adversary proceeding in the bankruptcy court challenging the value of the car, which the bankruptcy court dismissed. <u>Id.</u> The plaintiff subsequently filed an FDCPA claim based on the debt collector's overvaluation of the car. <u>Id.</u> The district court dismissed the claim based on res judicata, and the Seventh Circuit affirmed, but decided the case on issue-preclusion grounds. In the Seventh Circuit, issue preclusion

7

prevents a party from litigating an issue when: "(1) the issue sought to be precluded is the same as that involved in a prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was represented in the prior action." Id. at 893. After noting that parties typically may not collaterally attack confirmed bankruptcy plans, the Adair court determined that the plaintiff's FDCPA claim was an improper attempt to challenge the confirmation order. Id. at 894. Specifically, the court found that the plaintiff was attempting to dispute the value of the car — an issue the bankruptcy court had already decided — and was not challenging the method used to collect the debt. Id. ("In sum, as Mr. Adair has framed his FDCPA claim, he contests the amount of the underlying debt, not the method employed by the defendants in its collection."). Accordingly, the court found that the plaintiff was precluded from relitigating the value of the car. Id. The court, however, did note that it "express[ed] no opinion as to whether a FDCPA claim can ever be predicated on a previous filing in a bankruptcy proceeding." Id. at 896 n.10.

Adair is distinguishable from this case. First, Plaintiff is undisputedly challenging the methods used to collect the debt: the filing of the proof of claim. And Plaintiff is not

8

attempting to relitigate the value or validity of the debt. Second, even if the Court were to liberally construe the <u>Adair</u> court's decision to support Defendants' argument, the Court is not persuaded that the Eleventh Circuit would follow such an approach. See <u>Crawford</u>, 758 F.3d 1256-61. The plaintiff in <u>Crawford</u> filed for bankruptcy in 2008, and a debt collector filed a proof of claim to collect stale debt. <u>Id.</u> at 1257. The plaintiff did not object to the proof of claim, and the trustee actually paid the defendant for the debt. <u>Id.</u> at 1259. Four years after the defendant filed the proof of claim, the plaintiff objected and argued that the defendant's collection method violated the FDCPA. <u>Id.</u> The court determined that a debt collector that files a proof of claim to collect stale debt violates the FDCPA. <u>Id.</u> at 1261-62. Although the court did not address res judicata, its reasoning implies that it would reject such an argument.[2] The court specifically noted that "a debt collector's filing of a time-barred proof of claim creates the misleading impression to the debtor that the debt collector can legally enforce the debt." <u>Id.</u> at 1261. And "'[t]he least sophisticated' Chapter 13 debtor may be unaware that a claim is

---

[2] The Court notes that, on remand, the lower court in <u>Crawford</u> found that the plaintiff's FDCPA claim was not a compulsory counterclaim with respect to the bankruptcy proceeding. <u>In re Crawford</u>, No. 08-30192-DHW, 2015 WL 5735187, at *2 (Bankr. M.D. Ala. Sept. 29, 2015) ("An alleged FDCPA violation arises from the collection of a debt. The practices used in collecting the debt have no bearing on whether the debt itself is ultimately valid or not.").

9

time barred and unenforceable and thus fail to object to such a claim." Id.

Because Plaintiff's FDCPA claim does not arise out of the same nucleus of operative facts as the prior bankruptcy proceeding, the claim does not involve the same cause of action. Accordingly, res judicata does not bar the claim, and the Court **DENIES** Defendants' motion on this issue.

**b. Defendants' Remaining Argument**

Defendants essentially argue that, because the Bankruptcy Code permits a time-barred proof of claim, allowing an FDCPA claim to be based on that collection method is improper. To the extent there was ever any merit to this argument, it is now completely foreclosed by the Eleventh Circuit's holding in Johnson v Midland Funding, LLC, __ F.3d __, 2016 WL 2996372 (11th Cir. 2016). The Johnson court stated:

> The Bankruptcy Code does not preclude an FDCPA claim in the context of a Chapter 13 bankruptcy when a debt collector files a proof of claim it knows to be time-barred. We recognize that the Code allows creditors to file proofs of claim that appear on their face to be barred by the statute of limitations. However, when a particular type of creditor — a designated "debt collector" under the FDCPA — files a knowingly time-barred proof of claim in a debtor's Chapter 13 bankruptcy, that debt collector will be vulnerable to a claim under the FDCPA. Our examination of these statutes leads us to conclude that the Code and the FDCPA can be read together in a coherent way.

Id. at *3. The Court, therefore, **DENIES** Defendants' motion with respect to this issue.

**2. Motion to Refer**

Defendants also ask the Court to refer this case to the bankruptcy court. The Court, however, finds that this FDCPA class action is properly before this Court. And had this case been originally brought in the bankruptcy court, withdrawal of that referral would have been appropriate.

Under 28 U.S.C. § 1334(b), district courts have original jurisdiction over bankruptcy matters. But the district courts may refer cases to bankruptcy judges, 28 U.S.C. § 157(a), and "in this district bankruptcy cases are automatically referred to the bankruptcy court." In re Matrix Imaging Servs., Inc., Nos. 10-20371-JSD, CV 211-090, 2012 WL 5306132, at *1 (S.D. Ga. Mar. 7, 2012). A district court, however, may withdraw referral under 28 U.S.C. § 157(d). Section 157 provides for permissive and mandatory withdrawal. In re Matrix Imaging Servs., Inc., 2012 WL 5306132, at *1.

Although Plaintiff argues that both mandatory and permissive withdrawal would have been appropriate, the Court will address only permissive withdrawal. "The decision of whether to grant a motion for permissive withdrawal is within the sound discretion of the district court." Id. at *2. Permissive withdrawal is appropriate when the moving party shows

11

that "cause" exists. Id. In determining whether cause exists, courts examine the follow factors: (1) uniformity and efficiency in the administration of bankruptcy law; (2) prevention of forum shopping; (3) the economical use of the parties' resources; (4) facilitating the bankruptcy process; (5) whether the claim is core or non-core; (6) the efficient use of judicial resources; (7) whether there has been a jury demand; and (8) the prevention of delay. Id.

Had this case been referred to the bankruptcy court, permissive withdrawal would have been proper. First, Defendants have not argued that — and the Court cannot discern how — referring this matter would promote uniformity or efficiency in the administration of bankruptcy law. Instead, the Court finds that litigating this matter in this Court will conserve the parties' and judicial resources because it will avoid this Court's review of the bankruptcy court's findings. Moreover, Plaintiff has demanded a jury trial in this matter and seeks to bring this matter as a class action, both issues this Court is better suited to handle. See Ford v. Quantom3 Group, LLC, CV 115-031 (S.D. Ga. Feb. 24, 2015). Accordingly, the Court **DENIES** Defendants' motion to refer.

### III. Conclusion

For the reasons explained above, the Court **DENIES** Defendants' motion to dismiss (doc. 5) and Defendants' motion to refer (doc. 4).

**ORDER ENTERED** at Augusta, Georgia this 13th day of July, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA